IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH MITCHELL BERMAN,  Petitioner, | §§§ |
| v. | § Civil Action No. 4:20-CV-599-O |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Correctional Institutions Division,  Respondent. | §§§§§§ |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Joseph Mitchell Berman, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

On March 8, 2012, a jury in Tarrant County, Texas, Case No. 1238956D, found Petitioner guilty on one count of sexual performance by a child, one count of aggravated kidnapping, and one count of indecency with a child by exposure. Clerk's R. 110, 113, 117, ECF No. 21-2; Supp. Clerk's R. 4, ECF Nbo. 21-3. Petitioner is serving two life sentences and a 20-year sentence. His convictions were affirmed on appeal, and, on August 20, 2014, the Texas Court of Criminal Appeals refused his petition for discretionary review. Docket Sheet 1-2, ECF No. 21-1. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 10. Petitioner filed a state post-conviction habeas-corpus application on

May 26, 2020,¹ which was denied by the Texas Court of Criminal Appeals without written order on December 2, 2020. Resp't's Answer, Ex. A 4, ECF No. 19-1; TEXAS JUDICIAL BRANCH, http://www.txcourts.gov (last visited January 12, 2021). Petitioner filed a handwritten petition initiating this federal habeas proceeding on May 18, 2020.² Respondent asserts that the petition is time-barred under the federal statute of limitations.

**II. DISCUSSION**

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

¹A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner initiated his state habeas-corpus proceeding with a document titled "Memorandum in Support of Writ of Habeas Corpus Cause No. 123896D, 1238947D & 1239777D." Resp't's Answer, Ex. A 4, ECF No. 19-1. The document does not state the date Petitioner placed it in the prison mailing system, however he signed the document on May 26, 2020; thus, the Court deems his state habeas application filed on that date.

²Likewise, a prisoner's pro se federal habeas petition is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). This federal habeas proceeding was initiated pursuant to documents received in the chambers of the Honorable John McBryde on May 18, 2020, in which Petitioner attempted to "refile [his prior habeas] case under 4:14-CV-860-A." Order, ECF No. 1. The documents do not state the date Petitioner placed them in the prison mailing system; thus, the Court deems the petition filed on the date received in chambers.

>      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). For purposes of this provision, Petitioner's judgments of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on November 18, 2014, triggering the one-year limitations period, which expired one year later on November 18, 2015. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); SUP. CT. R. 13.1. Therefore, Petitioner's federal petition was due on or before November 18, 2015, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, filed on May 26, 2020, after limitations had already expired, did not operate to toll the federal limitations period under the statutory provision. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner presents no new

3

reliable evidence of his actual innocence that was not presented at trial. *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Nor does Petitioner assert that he was prevented from filing his federal petition in a timely manner by some extraordinary factor(s). He claims that

> TDCJ removed all documents and custody level and transfered [sic] me to high security unit at a location where all legal support was removed. At the earliest period when all resourses [sic] returned, I sent the documents to CDC #3 Tarrant County.

Pet. 9, ECF No. 10. However, he fails to provide sufficiently specific facts in support of his claim. And, typically, placement in a high security unit, lack of legal representation or assistance, and restricted access to legal materials are not extraordinary circumstances warranting equitable tolling. *See Madis v. Edwards,* 347 Fed. App'x 106, 108, 2009 WL 3150322, at *2 (5th Cir. Oct. 1, 2009) (providing "placement in administrative segregation or solitary confinement [that limits access to the law library] is generally not grounds for equitable tolling"). Petitioner's years-long delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, Petitioner's federal petition was due on or before November 18, 2015. His petition filed on May 18, 2020, is therefore untimely.

### III.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED. All motions not previously ruled upon are DENIED.

**SO ORDERED** on this 13th day of January, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4